**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000720
16-MAY-2013
08:41 AM**

NO. CAAP-12-0000720

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DORA J. GRIFFIN, Petitioner-Appellee,
on behalf of MICHAEL E. GRIFFIN, a Minor, Subject
v.
JEAN DAVENPORT, Respondent-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(FC-DOMESTIC ABUSE NO. 10-1-7071)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Respondent-Appellant Jean Davenport (Davenport), nka Jean Iwamoto, appeals from the Order Regarding Intermediate Court of Appeals of the State of Hawaii's Remand Instructions entered on July 19, 2012 by the Family Court of the First Circuit[1] (family court) in favor of Petitioner-Appellee Dora J. Griffin (Griffin) on behalf of Minor.

On appeal, Davenport contends the family court erred in finding that Griffin did not know until October 28, 2010 that Davenport was responsible for Minor's April 2010 injury.

On October 8, 2010, in FC-DA No. 10-1-6987, Griffin petitioned the family court for an "Order for Protection on Behalf of a Family or Household Member" (Order for Protection)

---

[1] The Honorable Sherri L. Iha presided, unless otherwise noted.

against Davenport, alleging two incidents of abuse. The family court granted a Temporary Restraining Order (TRO) and set a hearing for October 18, 2010. After this hearing, the family court[2] dissolved the TRO for "insufficient evidence."

On October 29, 2010, in FC-DA No. 10-1-7071, Griffin petitioned the family court again for an Order for Protection against Davenport, this time alleging three incidents of abuse. In addition to the two incidents previously alleged, Griffin alleged that Davenport had dislocated Minor's arm in April 2010. The family court granted another TRO and set a hearing for November 12, 2010.

On November 12, 2010, an evidentiary hearing was held. The family court entered an Order for Protection in favor of Griffin and against Davenport pursuant to Hawaii Revised Statutes (HRS) § 586-5.5 (2006). The Order for Protection expires on November 12, 2015.

On December 23, 2010, Davenport filed a notice of appeal from the Order for Protection.

On April 5, 2012, this court entered a memorandum opinion in CAAP-10-242, remanding the case to the family court with the following instructions:

> We therefore remand this case to the family court for further proceedings consistent with this opinion. If the family court finds that, *prior* to filing the first petition on October 8, 2010, Griffin had already learned that Davenport had been involved in the events of April 2010 leading to Minor's dislocated arm, the family court shall rescind the Order for Protection.
> If, on the other hand, the family court finds that it was not until *after* the first petition was filed that Griffin learned about Davenport's involvement in the events of April 2010 leading to Minor's dislocated arm, then the family court may maintain the Order for Protection.

*Res judicata* would bar the October 29, 2010 petition for an Order for Protection if Griffin had known about Davenport's role in the

---

[2] The Honorable Patricia C. Aburano presided.

April 2010 event at the time Griffin filed the first petition for an Order for Protection on October 8, 2010. See Bolte v. Aits, Inc., 60 Haw. 58, 587 P.2d 810 (1978).

On remand, the family court held a hearing and on July 19, 2012, entered an order in support of maintaining the Order for Protection. The family court made the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. [Griffin] knew in April of 2010 that [Davenport] was present when [Minor's] arm was dislocated at that time.
2. [Griffin] was informed by Ms. Kellie Shodahl ("Shodahl") on October 28, 2010 that [Davenport] caused the dislocation of [Minor's] arm.

### CONCLUSIONS OF LAW

3. [Griffin] learned that [Davenport] has been involved in the events of April 2010 leading to [Minor's] dislocated arm when Shodahl confirmed [Davenport] caused the dislocation of [Minor's] arm.
4. To the extent that any Finding of Fact herein may be a Conclusion of Law, it shall be so construed. To the extent that any Conclusion of Law herein may be a finding of fact, it shall be so construed.

Davenport timely filed a notice of appeal from the July 19, 2012 order.

Upon careful review of the record, Davenport's brief,[3] and having given due consideration to the argument advanced and the issues raised by Davenport, as well as the relevant legal authority, we resolve Davenport's point of error as follows:

Davenport argues that Griffin's testimony was not credible, and was contrary to other evidence, as to when Griffin first knew Davenport was responsible for Minor's injury. During the hearing on remand, Griffin, Davenport, and Minor's father, Darren Iwamoto (Iwamoto), testified. There were no exhibits or other evidence beyond the witnesses' testimony. Thus, the

---

[3] No answering brief was filed.

hearing was basically Griffin's word against the word of Davenport and Iwamoto.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decisions clearly exceeded the bounds of reason.

In re Jane Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001) (citations, internal quotation marks, ellipsis, and brackets omitted).

Moreover, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Id. at 190, 20 P.3d at 623 (citation, internal quotation marks, ellipsis, and brackets omitted).

> [T]he question on appeal is whether the record contains "substantial evidence" supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by credible evidence of sufficient quality and probative value. In this regard, the testimony of a single witness, if found by the trier of fact to have been credible, will suffice.

Id. at 196, 20 P.3d at 629 (internal quotation marks, citations, and brackets in original omitted). Griffin testified that she knew Davenport was with Minor on the day in April 2010 when Minor was injured, but that she did not know until October 28, 2010, that Davenport was responsible for Minor's injury. Griffin testified that all she was previously told was that Minor had fallen. Iwamoto testified, to the contrary, that he told Griffin in April 2010 that Minor's injury occurred when Davenport was holding Minor's hand and Minor pulled away, popping his elbow. Davenport gave similar testimony.

Because there is evidence in the record to support the family court's findings and conclusions, and because the credibility of witnesses and the weight of their testimony are

4

within the province of the trier of fact, we will not disturb the family court's rulings.

Therefore,

IT IS HEREBY ORDERED that the Order Regarding Intermediate Court of Appeals of the State of Hawaii's Remand Instructions entered on July 19, 2012, by the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 16, 2013.

On the briefs:

Harlan Y. Kimura
for Respondent-Appellant

Chief Judge

Associate Judge

Associate Judge